## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

JUDY SILVERMAN, individually and on behalf of :
all others similarly situated,                :
                    Plaintiff,           :  No.

             v.                    :

NAVIENT SOLUTIONS, INC.,        :
                  Defendant.       :

## CLASS ACTION COMPLAINT

Plaintiff Judy Silverman ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), upon personal knowledge as to the facts pertaining to herself and upon information and belief as to all other matters, and based on the investigation of counsel, brings this class action against defendant NAVIENT SOLUTIONS, INC. ("Navient" or "Defendant") for statutory damages and injunctive relief, demands a trial by jury, and alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. § 227 et seq., 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     This matter in controversy exceeds $5,000,000.00, as each member of the proposed Classes is entitled to between $500.00 and $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff's alleged Classes include at least one Class member belonging to a different state.  Therefore, the elements of subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") are present.

3.      This Court possesses specific personal jurisdiction over Navient as a result of its acts within this District that violate the TCPA.

4.      Navient maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent in Iowa and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

5.      In addition, Plaintiff's and the Iowa Class members' injuries alleged in this action arise from Navient's business of providing student loan products and services in Iowa, result from Defendant's tortious conduct in violation of the TCPA within Iowa.  Navient directed its conduct to have intended effects within Iowa.

6.      Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

## PARTIES

7.      Plaintiff Judy Silverman, is a natural person residing at 312 W 64th St, Davenport, IA 52806.

8.      Plaintiff is the "called party" with respect to the calls placed to her cellular telephone number, (###) ###-#### as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 8000-8001 (¶ 73), 2015 WL 4387780 (July 10, 2015).

9.      Defendant Navient is a corporation with principal offices at 123 Justison St., Wilmington DE 19801. Navient engages in the collection of defaulted student loan debts using the mails and telephone.

10.    Navient is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

## THE TELEPHONE CONSUMER PROTECTION ACT

11.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding the proliferation of telephone calling practices involving the use of certain equipment that were found to be intrusive, a nuisance, an invasion of privacy and a risk to public safety.[1] The TCPA vests the FCC with authority to issue rules and regulations implementing the TCPA.[2]

12.    Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for any person or entity to make any call using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone number without the prior express consent of the called party.

13.    In 2008, the FCC issued a Declaratory Ruling that qualified the "prior express consent" exemption with respect to calls made in relation to a debt, specifying that "consent is deemed to be granted only if the cellular number called: '(1) was provided by the consumer to the creditor; and (2) was provided during the transaction that resulted in the debt owed.'"[3]

14.    Navient has a corporate policy of making impermissible contacts to cell phone numbers of non-borrowers in an effort to collect loans that have gone into delinquency or default by its debtors.

15.    Navient has violated the TCPA by making autodialed calls to cellular telephone numbers of such non-borrowers in relation to the collection of its debtors' delinquent or

[1] See Pub. L. 102–243, § 2, 105 Stat. 2394 (1991) (notes to 47 U.S.C. § 227).

[2] See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order (July 3, 2003).

[3] See In the Matter of Rules & Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 564-65 (¶ 10) (Jan. 4, 2008).

defaulted debts, without the prior express consent of the non-borrower called parties. Navient has further violated the TCPA by continuing to make autodialed calls to non-borrowers' cellular telephone numbers after being instructed to stop calling.

## FACTUAL ALLEGATIONS

16.     Prior to the collection activity hereinafter described, plaintiff had listed herself as a credit reference for her son, Jeffrey Silverman, to obtain student loans from Sallie Mae for his attendance at the University of Iowa ("the debt").

17.     Plaintiff listed contact phone numbers on her son's application for the debt which did not include her cell phone number at issue in the instant complaint.

18.     Beginning April 20, 2016, Navient called Plaintiff multiple times on her cell phone from telephone numbers 617-762-5962 and 607-271-6199, among others, including but not limited to the aforesaid April call and another call in May 2016 reflected in the screen captures from Plaintiff's cell phone attached hereto as Ex. "A".

19.     All telephone contact by Navient described herein to plaintiff's cellular telephone occurred via an "automatic telephone dialing system" (ATDS) and/or system with ATD capacity, as defined by 47 U.S.C.§227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint. Specifically, upon information and belief, the calls at issue were made by Navient to Plaintiff's and Class members' cellular telephone numbers using the "Noble" dialing system, which operated at all material times as a "predictive dialer" when initiating the calls at issue to the Plaintiff's and Class members' respective cellular telephone numbers.[4]

---

[4] The FCC has emphasized in its declaratory orders implementing the TCPA that a "predictive dialer" constitutes an "automated telephone dialing system" under the TCPA and is subject to the TCPA's restrictions on the use of autodialers. See In re Rules & Regulations Implementing the TCPA, 18 FCC Rcd. 14014, 14091 (FCC 2003); In the Matter of Rules & Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 566 (¶ 12) (Jan. 4, 2008).

20.     Neither plaintiff, nor anyone else with authority to consent on Plaintiff's behalf, ever provided Navient with "prior express consent" to call plaintiff on her cellular telephone number.

21.     Each of the unwanted autodialed calls at issue occupied Plaintiff's cellular telephone line, even when the call was not answered, rendering the line unavailable for Plaintiff to use for any other purpose and creating a significant and material safety risk by making the line unavailable for emergency use. Plaintiff considered these unwanted autodialed calls to be intrusive, annoying and an invasion of her privacy.

22.     Navient's corporate policy is structured to continue to make autodialed calls to cellular telephone numbers of non-borrowers like the Plaintiff, despite its knowledge that these individuals are non-borrowers that have not provided Navient with prior express consent to make such autodialed calls, and despite these individuals' instructions to stop calling.

23.     Defendant Navient followed its corporate policies when attempting to communicate with the Plaintiff by initiating autodialed calls to her cellular telephone number, as described herein.

24.     Defendant Navient has been the recipient of numerous complaints from non-debtors across the country, similar to those alleged in this action by Plaintiff.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on her own behalf and behalf of the following Classes of similarly-situated persons defined as follows:

1. **National Class**:  All cellular telephone subscribers in the United States who from September __, 2012 to the present (the "Class Period") received an

autodialed call from Navient on their cellular telephone number without their "prior express consent" regarding a debt they do not owe.

2. **National Sub-Class:** All cellular telephone subscribers in the United States who from September __, 2012 to the present (the "Class Period") (1) received an autodialed call from Navient on their cellular telephone number without their "prior express consent" regarding a debt they do not owe; and (2) directed Navient not to call their cellular telephone number; and (3) thereafter received an autodialed call from Navient on their cellular telephone number.

Excluded from the Classes are persons who provided prior express consent to receive calls from Navient, unless that prior express consent had been revoked. Further excluded are Defendant and its subsidiary(ies), officers, directors, employees, partners and co-venturers. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

26.    The Classes satisfy the FED. R. CIV. P. 23 numerosity, commonality, typicality, adequacy, predominance, superiority and ascertainability requirements.

27.    Plaintiff does not know the exact size or identities of the members of the proposed Class, since such information is in the exclusive control of Defendant and its agents.  However, Plaintiff reasonably believes that the Classes encompass at minimum many thousands of consumers.

28.    Plaintiff and all members of the Classes have been harmed by the unlawful acts of Defendant. The privacy of the Plaintiff and the Classes were violated, and they were subjected to annoying, intrusive and harassing calls regarding student loan accounts they do not owe and for

which they did not provide consent.

29.     The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The identities of the Class members can be readily ascertained from Navient and its agents' call records.

30.     There are well-defined, nearly identical, questions of law and fact affecting all parties.  Common question of law and fact raised in this action concerning the Classes' claims include the following:

(a)     Whether the calls made to Plaintiff and members of the Classes' cellular telephone numbers were made using an automated telephone dialing system or predictive dialer as defined by the TCPA and the FCC;

(b)     Whether the calls by Navient to the Plaintiff and members of the Classes' cellular telephone numbers were made with prior express consent;

(c)     Whether such calls were made by or on behalf of Navient;

(d)     Whether such calls were made for an emergency purpose;

(e)     Whether Navient violated the TCPA;

(f)     Whether Plaintiff and the Classes are entitled to damages, declaratory relief and/or injunctive relief as a result of Defendant's violations of the TCPA;

(g)     Whether Navient's conduct was willful or knowing; and

(h)     Whether the calls Navient makes are for the purpose of collecting debts owed to or guaranteed by the United States government.

31.     Plaintiff asserts claims that are typical of each member of the Classes.

32.     Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained able counsel with extensive experience in prosecuting class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA. Plaintiff's interests are coincident with, and not antagonistic to, the interests of the Classes.

33.     The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual Class members, including legal and factual issues relating to liability and damages.

34.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  Since the damages, or statutory damages, suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation.  Plaintiff will encounter no difficulty in managing this action as a class action.

36.     Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief to the Classes. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered

## COUNT I

### STRICT LIABILITY VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT

37.     The allegations above are re-alleged and incorporated herein by reference.

38.     Plaintiff and the members of the Class and Sub-Class are "called part[ies]" under the TCPA.

39.     The foregoing acts and omissions of defendant constitute numerous and multiple strict liability violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii), by each and every call made in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

40.     The TCPA provides Plaintiff and the Non-Borrower Call Class with a private right of action against Defendant Navient for its strict liability violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff and the Non-Borrower Call Class are entitled to both injunctive relief and statutory damages of $500 per call made by Navient in violation of the TCPA.

41.     Plaintiff and the Non-Borrower Call Class are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## COUNT II

### WILLFUL OR KNOWING VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT

42.     The allegations above are re-alleged and incorporated herein by reference.

43.     Plaintiff "called part[ies]" under the TCPA.

44.     The foregoing acts and omissions of Defendant constitutes numerous and multiple willful or knowing violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

45.     "Willful" is defined as "the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any . . . rule or regulation of the Commission . . . ." 47 U.S.C. § 312 (f)(1).

46.     Defendant intentionally and voluntarily made at least two (2) calls to plaintiff's cell phone

47.     Defendant willfully or knowingly violated the TCPA with respect to Plaintiff and the Willful or Knowing Call Class by voluntarily placing non-emergency calls to the cellular telephone number of the Plaintiff using an automated telephone dialing system with knowledge that it did not have the prior express consent of the Plaintiff, and after being instructed to stop calling.

48.     The TCPA provides Plaintiff with a private right of action against Defendant Navient for its willful and/or knowing violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff are entitled to both injunctive relief and statutory damages of up to $1,500 per call made by Navient that willfully or knowingly violated of the TCPA.

49.     Plaintiff are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## TRIAL BY JURY

50.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant as follows:

A.  For Defendant's negligent violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

B.  For Defendant's willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B); and

C.  For such other and further relief as may be just and proper.

JUDY SILVERMAN, Individually and on behalf of all others similarly situated,
*Plaintiff*


By        */s/ H. J. Dane*
H. J. Dane, Attorney at Law
IA Fed. #9999913
IA State #AT0001964
IL Fed. & State #6182600
H. J. DANE LAW OFFICE
1111 East River Drive
Davenport, Iowa   52803
Telephone (563) 326-0006
Facsimile (563) 326-6204
hjdane@hjdane.com

By _____*/s/ David P. Mitchell*_____

David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone (813) 221-1366
Facsimile (813) 223-5920
david@mitchellconsumerlaw.com
Attorney for Plaintiff
*Pro hac vice* pending


By _____*/s/ Robert P. Cocco*_____

Robert P. Cocco, Esquire
Pa. Id. No. 61907
ROBERT P. COCCO, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Telephone (215) 351-0200
Facsimile (215) 261-6055
rcocco@rcn.com
Attorney for Plaintiff
*Pro hac vice* pending